IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BWP MEDIA USA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No.  1:13-CV-00375 SS |
| | § | |
| ALAMO DRAFTHOUSE CINEMAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORIGINAL ANSWER OF DEFENDANT**
**ALAMO DRAFTHOUSE CINEMAS, LLC**

TO THE HONORABLE SAM SPARKS:

Defendant Alamo Drafthouse Cinemas, LLC, ("Defendant"), files this Original Answer and would respectfully show as follows.

**I.     ANSWER.**

Subject to the affirmative matters alleged below, Defendant responds to the allegations in the Plaintiff's Complaint as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

4.      Defendant admits the allegations in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant denies that this Court has subject matter jurisdiction of the Plaintiff's copyright infringement claim as alleged in Paragraph 8 of the Complaint, based on a search of the Copyright Office online database.  The Complaint does not include any claims arising under state law, so the Defendant denies this Court's supplemental jurisdiction has been invoked. Defendant admits that it is subject to personal jurisdiction in Travis County, Texas.

9.      Defendant does not contest venue in the Western District of Texas for this lawsuit.

10.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

11.      Defendant denies the allegations in Paragraph 11 of the Complaint.

12.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

13.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

16.     Defendant denies the allegations in Paragraph 15 of the Complaint, based on a search of the Copyright Office online database.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint, based on a search of the Copyright Office online database.

19.     Defendant admits that it owns and controls the internet domain name badass.com, and that it operates a website located at that address.  Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.    Defendant denies the allegations in Paragraph 27 of the Complaint.

28.    Defendant denies the allegations in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations in Paragraph 29 of the Complaint.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and those allegations are therefore denied under Rule 8(b), FED. R. CIV. P.

31.    Defendant denies the allegations in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations in Paragraph 32 of the Complaint.

33.    Defendant denies the allegations in Paragraph 33 of the Complaint.

34.    Defendant denies the allegations in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations in Paragraph 36 of the Complaint.

37.    The Prayer for Relief contains legal conclusions for which no answer is required. Defendant denies that the Plaintiff is entitled to any relief of any type against them.

## II.    AFFIRMATIVE DEFENSES AND OTHER MATTERS.

1.    The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    The Plaintiff's Complaint fails to invoke this Court's subject matter jurisdiction, because the copyright at issue is not owned by the Plaintiff, based on a search of the Copyright Office online database.

3.    The Plaintiff's claims are barred in whole or in part by authorization, acquiescence and laches.

4.    The Plaintiff's claims are barred in whole or in part by waiver and estoppel.

5.      The Plaintiff's claims for equitable relief are barred by its failure to do equity and unclear hands.

6.      The Plaintiff's claims are barred in whole or in part by fair use.

7.      It is the Plaintiff's burden to prove copying of original and protected expression, but Defendant affirmatively pleads that it did not copy original and protected expression of the Plaintiff's.

8.      It is the Plaintiff's burden to prove originality, but Defendant affirmatively pleads that the allegedly infringed elements of the Plaintiff's work lacks sufficient originality in pertinent part and is not protected under United States copyright law, 17 U.S.C. §101, *et seq.*

9.      The Plaintiff lacks standing to bring an infringement action.

10.     The work at issue was a work for hire and the Plaintiff does not own the copyright.

11.     The Defendant's discovery and investigation efforts are ongoing, and the Defendant reserves the right to amend its answer and affirmative defenses as warranted.

## III.   PRAYER.

WHEREFORE, Defendant Alamo Drafthouse Cinemas, LLC respectfully requests that Plaintiff take nothing by way of its Complaint, that Plaintiff's Complaint be dismissed in its entirety, that Defendant recover its attorney's fees, expenses and court costs, and that Defendant be awarded such other and further relief, in law or in equity, as this Court deems just and proper.

Respectfully submitted,


By:  /s/  Peter D. Kennedy
     Peter D. Kennedy
     State Bar No. 11296650
     GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
     401 Congress Avenue, Suite 2200
     Austin, Texas  78701-3587
     (512) 480-5764
     (512) 536-9908 (Fax)
     pkennedy@gdhm.com

ATTORNEYS FOR DEFENDANT
ALAMO DRAFTHOUSE CINEMAS, LLC


## CERTIFICATE OF SERVICE

I certify that on July 25, 2013, a true and correct copy of the foregoing document was served *via* the CM/ECF system to counsel of record for Plaintiff:

Craig B. Sanders, Esq.
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York  11530


/s/  Peter D. Kennedy
Peter D. Kennedy